Steven M. Kroll, Bar No. 216196
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone:   (213) 237-2400
Facsimile:    (213) 237-2401
skroll@fordharrison.com

Attorneys for Defendant
KNOWLEDGESTORM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JASBIR GILL, MAHMOUD KEDKAD,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KNOWLEDGESTORM, INC., a corporation, DOES 1 through 50,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT KNOWLEDGESTORM, INC. PURSUANT TO 28 U.S.C. §§ 1441 AND 1446** |

1  **TO THE HONORABLE JUDGES OF THE UNITED STATES**

2  **DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,**

3  **SAN JOSE DIVISION:**

4  Defendant KnowledgeStorm, Inc. ("Defendant") files this Notice of Removal

5  pursuant to 28 U.S.C. §§ 1441 and 1446.

6  A.  **INTRODUCTION**

7  1.  Plaintiffs Jasbir Gill and Mahmoud Kedkad ("Plaintiffs") filed a

8  Complaint on July 13, 2007, in the Superior Court of the State of California,

9  County of Santa Clara, entitled, <u>Jasbir Gill, Mahmoud Kedkad v. KnowledgeStorm,</u>

10  <u>Inc., a corporation, DOES 1 through 50</u>, Case No. 107CV089782. True and correct

11  copies of the Summons and Complaint are attached hereto as Exhibit "1."

12  2.  Defendant was served with the Complaint via CT Corporation System

13  on July 16, 2007, in Los Angeles, California. A true and correct copy of the CT

14  Corporation System Service of Process Transmittal is attached hereto as Exhibit

15  "2."

16  B.  **NATURE OF THE SUIT**

17  3.  Plaintiffs bring three employment tort claims against Defendant for: (i)

18  Racial Harassment; (ii) Retaliation; and (iii) Termination in Violation of Public

19  Policy.

20  C.  **BASIS FOR REMOVAL**

21  4.  Removal is proper because this action is one which the Court has

22  original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may

23  be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that

24  it is a civil action where the amount in controversy exceeds $75,000, exclusive of

25  interest and costs, and is between citizens of different states.

26  5.  Plaintiff Gill was and is at all relevant times a resident of the City of

27  Santa Clara, County of Santa Clara, State of California, as indicated in her sworn

28  Complaint of Discrimination under the provisions of the California Fair

1    Employment and Housing Act, which is attached as an exhibit to the Complaint.

2        6.    Plaintiff Kedkad was and is at all relevant times a resident of the City

3    of Redwood City, County of San Mateo, State of California, as indicated in his

4    sworn Complaint of Discrimination under the provisions of the California Fair

5    Employment and Housing Act, which is attached as an exhibit to the Complaint

6        7.    Plaintiffs allege that all of the conduct complained of in this action

7    took place in the County of Santa Clara, California.

8        8.    Defendant is a Delaware corporation.  Defendant's principal place of

9    business is Alpharetta, Georgia in that a substantial predominance of its corporate

10    activity takes place in Georgia and/or Georgia is where the majority of its executive

11    and administrative functions are performed.

12        9.    Based upon the damages sought in the Complaint, the amount in

13    controversy, excluding interest and costs, could reasonably exceed the sum of

14    $75,000.   This calculation is supported by the amount of the economic loss

15    allegedly owed to Plaintiffs, the emotional and physical distress allegedly suffered

16    by Plaintiffs, the punitive damages allegedly owed to Plaintiffs, and their claim for

17    statutory attorneys' fees.  (See Exhibit "1.")

18    D.    **THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

19        10.    Defendant timely files this Notice of Removal within thirty (30) days

20    of being served with the Complaint, as required by 28 U.S.C. § 1446(b).

21        11.    Defendant has attached to this Notice, all pleadings, process, orders,

22    and all other filings in the state court action, as required by 28 U.S.C. § 1446(a). A

23    true and correct copy of the Answer served upon Plaintiffs and filed by Defendant

24    on August 9, 2007, is attached hereto as Exhibit "3."   (See Exhibits "1," "2," &

25    "3.")

26        12.    Venue is proper in this District under 28 U.S.C. § 1441(a) because this

27    District and Division embrace the place in which the removed action has been

28    pending.

13.    Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.  A true and correct copy of the Notice of Filing of Notice of Removal to be filed is attached hereto as Exhibit "4."

WHEREFORE, in light of the foregoing, Defendant requests this Court to remove the instant case from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division.

Dated: August 8, 2007                    FORD & HARRISON LLP


By: _Steven M. Kroll_____
Steven M. Kroll
Attorneys for Defendant
KNOWLEDGESTORM, INC.

Exhibit 1

Sent By: -;
07/13/2007  11:23   4082576166                770-290-8841;         Jul-18-07 11:40;         Page 3
                                              COUNTY PROCESS SVC                              PAGE 02/19

7.14
1;30

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KNOWLEDGESTORM INC., A CORPORATION, DOES 1
THROUGH 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASBIR GILL, MAHMOUD KEDKAD

*[FOR COURT USE ONLY]*
*(SOLO PARA USO DE LA CORTE)*

2007 JUL 13  AM 10: 14

CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY_____DEPUTY
L. QUACH-MARCELLANA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 107 CV089782 |

SANTA CLARA COUNTY SUPERIOR COURT
191 N. First St., San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian S. Kreger
160 W. Santa Clara St., Suite 1050 San Jose, CA 95113, 408-999-0300        Kiri Torre

| DATE: | Clerk, by | , Deputy |
| *(Fecha)* JUL 1 3 2007 | *(Secretario)* L. QUACH-MARCELLANA | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Knowledgestorm, Inc., A corporation

under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
        [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

# SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

5

BRIAN S. KREGER, State Bar No. 106707
LAMBERTO & KREGER
160 W. Santa Clara St., Suite 1050
San Jose, CA 95113
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiffs

(ENDORSED)

2007 JUL 13  AM 10: 15

CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY_____ DEPUTY

L. QUINCY/CASELLANA

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

JASBIR GILL, MAHMOUD KEDKAD,

          Plaintiffs,

vs.

KNOWLEDGESTORM, INC. a corporation;
DOES 1 THROUGH 50,

          Defendants.

Case No. 107CV089782

**COMPLAINT FOR RACIAL HARASSMENT, RACIAL DISCRIMINATION, RETALIATION**

REQUEST FOR JURY TRIAL

DEMAND EXCEEDS $10,000

Plaintiffs allege as follows:

1.     Plaintiffs are informed and believe and thereon allege that defendants are employers and corporations doing business in the County of Santa Clara, State of California.

2.  The true names and capacity of defendants named herein as Does 1 through 20 inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiffs who therefore sue such defendants by fictitious names pursuant to California Code of Civil Procedures § 474. Plaintiffs will amend this complaint to show the true names and capacities when they have been determined.

Complaint for Damages

3.  At all times relevant herein, plaintiffs were employed by defendants.

4.  Defendants are subject to suit under the California Fair Employment and Housing Act, Government Code § 12900 et seq. and defendants are employers who regularly employs five or more persons.  Plaintiffs have complied with all claims or requirements for filing a suit for sexual and racial harassment and have received right to sue letters concerning their allegations of racial harassment by defendants.

## FIRST CAUSE OF ACTION

## RACIAL HARASSMENT

5.  Plaintiffs incorporate paragraphs 1 through 4 of the complaint as if fully set forth herein.  Plaintiffs were subjected to a hostile work environment which was severe and pervasive based upon racial and national origin harassment which included comments and slurs beginning in December 2006, including the following as set forth below.

6.  Joe Brown, plaintiffs' supervisor, and an employee of defendant, stated to another employee, regarding plaintiff Kedkad, "What do you think of the camel jockey working for KnowledgeStorm. Why don't you take the swat out on him so he will start making some calls."

7. The week of January 15, 2007, Joe Brown ridiculed plaintiff Kedkad and said "Why are you dressed like this, this is not the Middle East."

8.  The week of January 15, 2007, Joe Brown said to plaintiff Gill, "Is that what they teach in India, you need to learn the right way which is the white man's way."

9.  On January 31, 2007, after a face to face meeting with a business prospect, plaintiff Kedkad spoke to a supervisor, Jason Hoback about the racial slurs he had overheard Joe Brown say to employee Joe Neidenberger. His response was, "Joe Brown is inexperienced in management and might have said things that he did not mean. Please bear with us for the next few months.

Complaint for Damages                              - 2 -

7

Sent By: ;                                      770-290-8841;        Jul-18-07 11:42;          Page 9/20
07/13/2007  11:23     4082976160            COUNTY PROCESS SVC
                                                                                          PAGE  08/19

1   We will give you big accounts and you will make a lot of money if you don't

2   repeat this to anyone."

3        10.  On January 31, 2007, plaintiff Gill spoke to the same supervisor

4   about the racial slurs, discrimination and harassment but did nothing. He said

5   that she was just over reacting.

6        11.  On February 21, 2007, plaintiff was not invited to a business dinner

7   by Joe Brown in which the entire Western region was invited. Jokes were made

8   that plaintiff's would not be invited to meetings in San Francisco as they would

9   scope out terrorist targets.

10       12. On February 21, 2007 Joe Brown commented to plaintiff Kedkad that

11  he hated Indians as they were taking all the jobs. Joe Brown asked him if he

12  had heard from plaintiff Gill who was on vacation in India. Joe Brown said that

13  maybe she won't come back and anyways there are too many Indians here who

14  are taking away the jobs and that he hated these Indians.

15       13.  The week of March 19, 2007, Joe Brown called plaintiff Gill and

16  shouted at her and in a very threatening voice asked her if she was leaving or

17  staying. He said that she better tell him or he would make it very difficult for

18  her to do her job.

19       14.  On March 21, 2007, plaintiff Kedkad spoke to supervisor Jason

20  Hoback on the phone and reiterated the racial slurs and discrimination meted

21  out to him and Ms. Gill from Joe Brown.

22       15.  On March 22, 2007 plaintiff Gill spoke to supervisor Jason Hoback

23  on the phone and told him about the racial slurs from Joe Brown and his

24  threatening voice and harassment. However, Mr. Hoback did nothing and stated

25  that plaintiffs should hang in there and be supportive of the management.

26       16.  The week of March 26, 2007, Joe Brown said in front of plaintiff

27  Gill, "All Muslims are terrorists".

28       17.  In March 28, 2007, after a joint meeting with a business prospect,

Complaint for Damages                    - 3 -

8

1   Joe Brown said to plaintiff Kedkad, "You should go back to school so you can

2   learn to read, write and talk normal, like us."

3        18. On April 3, 2007 plaintiffs had a telephone conversation with Jason

4   Hoback. Plaintiffs asked him about the contract that he had promised them and

5   asked him about the contracts and raises given to other employees and even

6   the ones that were leaving. Also they told him about the recent racial slurs and

7   discrimination from Joe Brown. Jason Hoback became very angry with them

8   and threatened plaintiffs and said that he would fire them for creating trouble.

9   Plaintiff heard that they were referred to as "sand niggers." Joe Brown made

10  these racial comments and threats to plaintiffs with the intent of harassing,

11  intimidating and interfering with plaintiffs' ability to perform their job duties.

12       19. Defendants further demanded, and plaintiff's refused, to commit

13  fraudulent acts including falsifying start dates and inflate proposals in an effort

14  to defraud potential buyers.

15       20. On April 12, 2007, defendant fired plaintiff based upon her race,

16  national origin and in retaliation for complaining of racial harassment.

17       21. The foregoing acts of defendants were outrageous and did in fact

18  cause plaintiffs to suffer severe emotional distress. As a proximate result of

19  said conduct, plaintiffs suffered embarrassment, anxiety, humiliation, emotional

20  distress, and will continue to suffer said emotional distress in an amount in

21  excess of the minimum jurisdiction of this court, the precise amount of which

22  will be proven at the time of trial.

23       22. Defendants committed the acts alleged herein maliciously,

24  fraudulently, and oppressively, with the wrongful intention of injuring plaintiffs

25  amounting to malice and in conscious disregard of plaintiffs' rights. Because

26  the above described conduct was carried out by managerial employees acting in

27  a despicable, deliberate intentional manner in order to injure and damage

28  plaintiffs, plaintiffs are entitled to recover punitive damages from defendants in

Complaint for Damages                           - 4 -

9

COUNTY PROCESS SVC

1  an amount according to proof.

2      Wherefore, plaintiffs pray for a judgment against defendants and each of

3  them as follows:

4

5          **SECOND CAUSE OF ACTION**

6              **RETALIATION**

7      23.  Plaintiffs hereby incorporate by reference paragraphs 1 through 20

8  of this complaint as if fully set forth herein.

9      24.  On April 12, 2007, in retaliation for plaintiffs' complaint of racial

10  harassment, Jason Hoback and Joe Brown called plaintiff Gill and started

11  screaming and calling her names. When she tried to ask him what had

12  happened, he falsely said was that they were firing her for "violating company

13  policy." Plaintiff Gill tried asking Joe Brown what Jason Hoback meant by that

14  and he repeated the same line and refused to identify the policy.  The stated

15  reason was a pretext for the actual reason which was racial discrimination and

16  retaliation.

17      25.  On April 12, 2007, Joe Brown called plaintiff Kedkad and threatened

18  him right after firing plaintiff Gill and telling him that if he kept creating trouble

19  he would be terminated as well.

20      26.  On April 18, 2007, after a joint visit with a business prospect, Joe

21  Brown said to plaintiff Kedkad that he wondered what the crime rate in this

22  area must be with all the foreigners living here.

23      27.  Plaintiffs were not given accounts to work on even though everyone

24  else was and it had been promised to them during their interview.

25  Plaintiffs were not given a telemarketer to set appointments for them even

26  though everybody around them had one.  They were never given any inbound

27  leads as these were reserved for the Caucasians.

28      28.  Plaintiffs had other employees poaching on their accounts even

Complaint for Damages                    - 5 -

10

Sent By: ;                                    770-290-8841;        Jul-16-07 11:43;        Page 12/20
07/13/2007  11:23    4082976160        COUNTY PROCESS SVC
                                                                    PAGE  11/19

1  though there was a 45 day rule and when it was brought to Joe Brown's
2  attention, nothing was done about it.

3      29.  Upon receipt of a letter from an employee complaining of racial
4  harassment toward plaintiffs, defendant followed a policy of intimidation.
5  Kelly Gay, the CEO of the company along with another senior VP called plaintiff
6  Kedkad days after receiving the letter and threatened him with termination
7  based on false allegations. Defendant fabricated allegations against him and
8  falsely accused him with using vulgar language with a fellow employee. When
9  plaintiff again raised the issue of ongoing racial harassment, CEO Kelly Gay
10  denied knowing anything about it and took no action.

11      30.  Thereafter, defendant embarked on a course of intimidation and non-
12  cooperation in an effort to prohibit plaintiff Kedkad form succeeding in his job
13  and attempting to force him to leave.

14      31.  As a further proximate result of defendants harassment against
15  plaintiffs, as alleged above, plaintiffs have been harmed and have suffered
16  economic loss, humiliation, severe mental anguish, emotional and physical
17  distress and have been injured in mind and body in an amount according to
18  proof.

19      32.  The above recited actions of defendants were done with malice,
20  fraud, and oppression, and in reckless disregard of plaintiffs' rights and with
21  defendants' advance knowledge of Brown's unfitness.

22      Wherefore, plaintiffs pray for judgment hereinafter set forth.

23              **THIRD CAUSE OF ACTION**
24      **TERMINATION IN VIOLATION OF PUBIC POLICY**

25      33.  Plaintiffs hereby incorporate by reference paragraphs 1 through 32
26  of this complaint as if fully set forth herein.

27      34.  A substantial factor In Defendant's termination of plaintiff Gill was
28  her refusal to engage in unlawful acts including the falsifying of start dates and

Complaint for Damages                          - 6 -

11

Sent By: ;                              770-290-8841;           Jul-18-07 11:44;              Page 13/20
          07/13/2007   11:23     4082976160
                                              COUNTY PROCESS SVC
                                                                              PAGE  12/19

1  falsifying the amount of proposals to deceive prospective buyers of the

2  company.

3      35.  Defendants, acting on their own and through agents and employees

4  engaged in the acts heretofore described deliberately and intentionally in order

5  to cause plaintiffs severe emotional distress; alternatively plaintiffs allege that

6  such conduct was done in reckless disregard of the probability of said conduct

7  causing her severe emotional distress.

8      36.  The foregoing acts of defendants were outrageous and did in fact

9  cause plaintiffs to suffer severe emotional distress.  As a proximate result of

10  said conduct, plaintiffs suffered embarrassment, anxiety, humiliation, emotional

11  distress, and will continue to suffer said emotional distress in an amount in

12  excess of the minimum jurisdiction of this court, the precise amount of which

13  will be proven at the time of trial.

14      37.  Defendants committed the acts alleged herein maliciously,

15  fraudulently, and oppressively, with the wrongful intention of injuring plaintiffs

16  amounting to malice and in conscious disregard of plaintiffs' rights.  Because

17  the above described conduct was carried out by managerial employees acting in

18  a despicable, deliberate intentional manner in order to injure and damage

19  plaintiffs, plaintiffs are entitled to recover punitive damages from defendants in

20  an amount according to proof.

21      Wherefore, Plaintiffs pray for a judgment against defendants and each of

22  them as follows:

23      1).  For compensatory damages including lost wages, lost employee

24           benefits, commissions, bonuses, vacation benefits, mental and

25           emotional distress, and other special and general damages according

26  to proof;

27      2).  For an award of punitive damages;

28      3).  For an award of interest including prejudgement interest at the legal

Complaint for Damages                   - 7 -

Sent By: ;
07/13/2007   11:23    4082976160          770-290-8841;          Jul-18-07 11:44;          Page 14/20
                                          COUNTY PROCESS SVC
                                                                                          PAGE  13/19

1    rate;

2    4). For an award to plaintiffs for cost of suit incurred herein on all causes
3        of action;

4    5). For an award to plaintiffs of attorney's fee pursuant to Government
5        Code § 12940 et seq.

6    6). For an award to plaintiffs for such other and further relief as this
7    court          deems just and proper.

8

9    Dated: July 12, 2007                LAMBERTO & KREGER

10

11                                       By:
12                                           BRIAN S. KREGER
                                             Attorneys for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages              - 8 -

13

Sent By: ;                                                       770-290-8841;       Jul-18-07 11:44;        Page 15/20
           07/13/2007   11:23    4082976160
                                                        COUNTY PROCESS SVC
                                                                                                    PAGE 14/19

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                          ARNOLD SCHWARZENEGGER, Governor
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0324 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



May 14, 2007


BRIAN KREGER
ATTORNEY
LAMBERTO & KREGER
160 W SANTA CLARA STREET #1050
SAN JOSE, CA 95113

RE:    E200607G1111-00-rc
       KEDKAD/KNOWLEDGESTORM

Dear BRIAN KREGER:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 11, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

14

Sent By: ;                            770-290-8841;        Jul-18-07 11:45;            Page 16/20
         07/13/2007   11:23    4082976160    COUNTY PROCESS SVC           PAGE  15/19

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


cc:    Case File

JOE BROWN
EEO Representative
KNOWLEDGESTORM
2520 NORTHWINDS PARKWAY #600
ALPHARETTA, GA  30004

DFEH-200-43 (06/06)

15

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   E200607-G-1111-00-rc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)   Mahmoud  A.  KedKad

ADDRESS   348 Meridian Dr.

TELEPHONE NUMBER (INCLUDE AREA CODE)   650-592-2214

CITY/STATE/ZIP   Redwood City                    San Mateo   COUNTY

San Mateo   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME   KnowledgeStorm

ADDRESS   2520 Northwinds Pkwy. Ste 600

TELEPHONE NUMBER (include Area Code)   770-290-8850

CITY/STATE/ZIP   Alpharetta, GA 30004

DFEH USE ONLY

NO. OF EMPLOYEES/MEMBERS (if known)   Greater than 100

COUNTY

COUNTY CODE

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   May 2nd 2007

RESPONDENT CODE

THE PARTICULARS ARE:

On & After Nov. 2006 I was

- ___ fired
- ___ laid off
- ___ demoted
- X harassed
- ___ genetic characteristics testing
- ___ forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify)

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by   Joe Brown
     Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:
- ___ sex
- ___ age
- X religion
- X race/color

- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ physical disability
- ___ mental disability
- ___ other (specify)

- ___ cancer
- ___ genetic characteristic

(Circle one) filing:
Protesting, participating in
investigation (retaliation for)
Complaints of
discrimination

the reason given by _____

Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   5/4/07

At _____
City

COMPLAINANT'S SIGNATURE

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:   MAY 11 2007

RECEIVED

MAY 11 2007

DEPT. OF FAIR EMPLOYMENT AND HOUSING SAN JOSE

STATE OF CALIFORNIA

16

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    ARNOLD SCHWARZENEGGER, Governor
2570 N. First Street, Suite 480, San Jose, CA 95131
(408) 325-0344 TTY (800) 700-2320 Fax (408) 325-0339
www.dfeh.ca.gov



May 14, 2007

BRIAN KREGER
ATTORNEY
LAMBERTO & KREGER
160 W SANTA CLARA STREET #1060
SAN JOSE, CA 95113

RE:   E200607G1110-00-rc
      GILL/KNOWLEDGESTORM

Dear BRIAN KREGER:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 11, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlee Massetti*

Marlene Massetti
District Administrator


cc:    Case File

JOE BROWN
REGIONAL SALES MANAGER
KNOWLEDGESTORM
2520 NORTHWINDS PARKWAY #600
ALPHARETTA, GA  30004

DFEH-200-43 (06/06)

18

Sent By: ;
07/13/2007  11:23    4082976160
770-290-8841;         Jul-18-07 11:46;              Page 20/20
COUNTY PROCESS SVC
PAGE 19/19

## * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # __E200607-G-1110-00-ec__
DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
**TASBIR K GILL**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**408-980-8829**

ADDRESS
**4309 WATSON CIRCLE, SANTA CLARA,  CA  95054**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT
AGENCY WHO DISCRIMINATED AGAINST ME:
NAME
**KNOWLEDGESTORM**

TELEPHONE NUMBER (Include Area Code)
**770-290-8850**

ADDRESS
**2520 NORTHWINDS PARKWAY, SUITE 600**

DFEH USE ONLY

| CITY/STATE/ZIP **ALPHARETTA, GA  30004** | COUNTY | COUNTY CODE |
|---|---|---|

NO. OF EMPLOYEES/MEMBERS (if known)
**greater than 100**

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) **April 12th, 07**

RESPONDENT CODE

THE PARTICULARS ARE:
On **April 12th 2007** I was
- ✓ hired
- laid off
- demoted
- ✓ harassed
- genetic characteristics testing
- forced to quit

- denied employment
- denied promotion
- denied transfer
- denied accommodation
- impermissible non-job-related inquiry
- other (specify)

- denied family or medical leave
- denied pregnancy leave
- denied equal pay
- denied right to wear pants
- denied pregnancy accommodation

by **JOE BROWN / JASON HOBACK    Regional Sales Manager / Director of Sales**
Name of Person                Job Title (supervisor/manager/personnel director/etc.)

because of my:
- sex
- age
- ✓ religion
- race/color
- ✓ national origin/ancestry
- medical status
- sexual orientation
- association
- physical disability
- mental disability
- other (specify)
- cancer
- genetic characteristic
- ✓ (Circle one) filing/
**Protesting/participating in**
investigation retaliation for)

the reason given by **Violation of company policy (unspecified)    complaints of discrimination**
Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)] **Discrimination & retaliation**

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **5/4/07**

At **San Jose, CA**
City

*Jasbir Gill*
COMPLAINANT'S SIGNATURE

**RECEIVED**

MAY 11 2007

DEPT. OF FAIR EMPLOYMENT AND
HOUSING SAN JOSE

DATE FILED: **MAY 11 2007**

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

19

Exhibit 2

Sent By: ;                                                      770-290-8841;            Jul-18-07 11:39;            Page 2

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/16/2007
Log Number 512404376

TO:     Michael Ewers, VP Finance
        KnowledgeStorm, Inc.
        2520 Northwinds Parkway, Suite 600
        Alpharetta, GA, 30004-

RE:     **Process Served in California**

FOR:    Knowledgestorm, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jasbir Gill and Mahmoud Kedkad, Pltfs. vs. Knowledgestorm, Inc. etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Notice, Letter, Attachment(s), |
| **COURT/AGENCY:** | Santa Clara County, Superior Court, CA<br>Case # 107CV089782 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment - Discrimination on the basis of race |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2007 at 13:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 11/20/07 at 2:15 p.m. - First Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Brian S. Kreger<br>Lamberto & Kreger<br>160 W. Santa Clara St.<br>Suite 1050<br>San Jose, CA, 95113<br>408-999-0300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798219704794 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

20

Exhibit 3

1  Steven Kroll,  Bar No. 216196
   FORD & HARRISON LLP
2  350 South Grand Avenue, Suite 2300
   Los Angeles, CA  90071
3  Telephone:    (213) 237-2400
   Facsimile:     (213) 237-2401
4
   Attorneys for Defendant
5  KNOWLEDGESTORM, INC.
6
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF SANTA CLARA
10
11  JASBIR GILL, MAHMOUD KEDKAD,          CASE NO.: 107CV089782
12            Plaintiffs,                 DEFENDANT KNOWLEDGSTORM,
                                          INC.'S ANSWER TO PLAINTIFFS'
13       v.                               COMPLAINT FOR DAMAGES
14  KNOWLEDGESTORM, INC., a
    corporation, DOES 1 THROUGH 50,
15                                        BY FAX
            Defendants.
16                                        Action Filed: July 13, 2007
                                          Trial Date:  None
17
18
19       Defendant KnowledgeStorm, Inc. ("Defendant") hereby answers plaintiffs Jasbir Gill and

20  Mahmoud Kedkad's ("Plaintiffs") unverified complaint for damages ("Complaint") as follows:

21                          GENERAL DENIAL

22       1.    Pursuant to Code of Civil Procedure section 431.30, Defendant denies, both

23  generally and specifically, each and every allegation contained in the Complaint and further

24  specifically denies that Plaintiffs have suffered or will suffer any injury or damage as a result of

25  any acts or omissions by or conduct of Defendant.

26  / / /
27  / / /
28  / / /

LA:59056.1
CASE No. 107CV089782
       DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
                      DOCUMENT PRINTED ON RECYCLED PAPER

21

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant alleges that Plaintiffs' Complaint, and each cause of action alleged therein, is subject to the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

2.      As a first separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Plaintiffs Caused Damage)

3.      As a second separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Plaintiffs' injuries, if any, were legally caused, in whole or in part, by Plaintiffs' own negligent or intentional acts or omissions.

### THIRD AFFIRMATIVE DEFENSE
### (No Proximate Cause)

4.      As a third separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because any injuries or damages allegedly sustained by Plaintiffs were not the result of any acts, omissions or other conduct of Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

5.      As a fourth separate and affirmative defense, Defendant alleges that Plaintiffs are barred from recovering monetary damages to the extent that they have failed to mitigate their damages, if any, as required by law.

/ / /

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59056.1

CASE NO. 107CV089782

- 2 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
DOCUMENT PRINTED ON RECYCLED PAPER

22

1

2

### FIFTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

6.     As a fifth separate and affirmative defense, Defendant alleges that Plaintiffs'

3

Complaint, and each purported cause of action contained therein, is barred by the applicable

4

statute of limitations.

5

6

### SIXTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

7

8

7.     As a sixth separate and affirmative defense, Defendant alleges that Plaintiffs'

claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired

9

evidence.

10

11

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

12

13

8.     As a seventh separate and affirmative defense, Defendant alleges that the

Complaint, and each purported cause of action contained therein, is barred by the doctrine of

14

laches.

15

16

### EIGHTH AFFIRMATIVE DEFENSE
### (Offset)

17

18

9.     Without conceding that any act of Defendant caused damage to Plaintiffs in any

respect, Defendant is entitled to offset and recoup against any judgment that may be entered for

19

the Plaintiffs.

20

21

### NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

22

23

10.     As a ninth separate and affirmative defense, Defendant alleges that Plaintiffs'

Complaint, and each purported cause of action contained therein, is barred by the doctrine of

24

unclean hands.

25

/ / /

26

/ / /

27

/ / /

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59056.1

CASE No. 107CV089782

- 3 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

DOCUMENT PRINTED ON RECYCLED PAPER

23

1

## TENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

2

3      11.    As a tenth separate and affirmative defense, Defendant alleges that the Complaint,

4    and each purported cause of action contained therein, is preempted by the California Workers'

5    Compensation Act (Lab. Code, §§ 3600 *et seq*.).

6

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7

8      12.    As an eleventh separate and affirmative defense, Defendant alleges that the

9    Complaint, and each purported cause of action contained therein, is barred by the doctrine of

10   waiver.

11

## TWELFTH AFFIRMATIVE DEFENSE
### (Legitimate Business Reasons)

12

13     13.    As a twelfth separate and affirmative defense, Defendant alleges that the

14   Complaint, and each purported cause of action contained therein, is barred because Defendant's

15   alleged conduct was a just and proper exercise of management's discretion and was undertaken

16   for legitimate, non-discriminatory business reasons, without any intent to discriminate, harass or

17   retaliate against Plaintiffs in any manner prohibited by the California Fair Employment and

18   Housing Act (FEHA) (Gov. Code, §§ 12940, *et seq*.) or any other law or public policy.

19

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Anti-Discrimination Policies)

20

21     14.    As a thirteenth separate and affirmative defense, Defendant alleges that the

22   Complaint, and each purported cause of action contained therein, is barred because Defendant

23   promulgated an anti-discrimination / anti-harassment policy and complaint procedure, which

24   Plaintiffs unreasonably failed to utilize and avoid any alleged harm, and Defendant exercised

25   reasonable care to prevent and correct promptly any harassing behavior.

26   / / /

27   / / /

28   / / /

LA:59056.1

CASE No. 107CV089782

- 4 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

24

1

2

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(At-Will Employment)**

3        15.    As a fourteenth separate and affirmative defense, Defendant alleges that any

4  recovery on Plaintiffs' claims are barred because their employment had no specified and was

5  expressly terminable at-will at any time with or without cause, pursuant to California Labor Code

6  section 2922.

7

8

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Mixed Motive)**

9        16.    As a fifteenth separate and affirmative defense, Defendant alleges that in the event

10  Plaintiffs prove any wrongful acts by Defendant, the adverse employment actions about which

11  Plaintiffs complain would have been the same even if the alleged wrongful motive played no role.

12

13

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Pre-existing Conditions or Alternative Causes)**

14

15        17.    As a sixteenth separate and affirmative defense, to the extent Plaintiffs suffered

16  any symptoms of mental or emotional distress or injury, they were the result of pre-existing

17  psychological disorders or alternative concurrent causes, and not the result of any act or omission

18  of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Failure To Exhaust)**

19

20        18.    As a seventeenth separate and affirmative defense, Defendant alleges that the

21  Complaint, and each purported cause of action contained therein, is barred because Plaintiffs

22  failed to exhaust their administrative remedies.

23

**RESERVATION OF RIGHTS**

24

25        19.    Defendant reserves its right to assert additional affirmative defenses in the event

26  discovery reveals that additional affirmative defenses are available to Defendant.

27  / / /

28  / / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59056.1                                          - 5 -
CASE NO. 107CV089782
                     DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
                                                    DOCUMENT PRINTED ON RECYCLED PAPER

25

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiffs take nothing by way of their Complaint;

3    2.    That the Complaint be dismissed in its entirety with prejudice and judgment

4    entered in Defendant's favor;

5    3.    That Defendant recover its costs of suit and reasonable attorneys' fees; and

6    4.    That the Court award such other and further relief as it deems appropriate.

7    Dated: August _8_, 2007                FORD & HARRISON LLP

8

9

10                                    By: _Steven M. Kroll_

11                                    Steven Kroll
                                      Attorneys for Defendant
12                                    KNOWLEDGESTORM INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59056.1                                    - 6 -

CASE NO. 107CV089782

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

DOCUMENT PRINTED ON RECYCLED PAPER

26

1          **PROOF OF SERVICE BY MAIL**

2          I am a citizen of the United States and employed in Los Angeles County, California. I am

3   over the age of eighteen years and not a party to the within-entitled action. My business address

4   is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. I am readily familiar

5   with this firm's practice for collection and processing of correspondence for mailing with the

6   United States Postal Service. On August 9, 2007, I placed with this firm at the above address for

7   deposit with the United States Postal Service a true and correct copy of the within document(s):

8   **DEFENDANT KNOWLEDGSTORM INC.'S ANSWER TO PLAINTIFFS'
    COMPLAINT FOR DAMAGES**
9

10  in a sealed envelope, postage fully paid, addressed as follows:

11      Brian S. Kreger, Esq.
        Lamberto & Kreger                    Counsel for Plaintiffs
        160 W. Santa Clara St., Suite 1050
12      San Jose, CA  95113
        Telephone 408-999-0300
13      Facsimile 408-999-0301

14

15          Following ordinary business practices, the envelope was sealed and placed for collection

16  and mailing on this date, and would, in the ordinary course of business, be deposited with the

    United States Postal Service on this date.
17
            I declare under penalty of perjury under the laws of the State of California that the above
18
    is true and correct.
19
            Executed on August 9, 2007, at Los Angeles, California.
20

21

22                                          _____
                                                      Martha Angel
23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59056.1

CASE NO.  107CV089782

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

DOCUMENT PRINTED ON RECYCLED PAPER

27

Exhibit 4

1   Steven Kroll,  Bar No. 216196
    FORD & HARRISON LLP
2   350 South Grand Avenue, Suite 2300
    Los Angeles, CA  90071
3   Telephone:    (213) 237-2400
    Facsimile:    (213) 237-2401
4
    Attorneys for Defendant
5   KNOWLEDGESTORM, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SANTA CLARA

10

11  JASBIR GILL, MAHMOUD KEDKAD,              CASE NO.: 107CV089782

12            Plaintiffs,                     **NOTICE TO STATE COURT OF**
                                              **REMOVAL OF ACTION BY DEFENDANT**
13        v.                                  **KNOWLEDGSTORM, INC. PURSUANT**
                                              **TO 28 U.S.C. §§ 1441 AND 1446**
14  KNOWLEDGESTORM, INC., a
    corporation, DOES 1 THROUGH 50,
15
              Defendants.                     Action Filed: July 13, 2007
16                                            Trial Date:  None

17

18       TO PLAINTIFFS JASBIR GILL AND MAHMOUD KEDKAD, THEIR ATTORNEY

19  OF RECORD, AND THE CLERK OF THE SUPERIOR COURT OF THE STATE OF

20  CALIFORNIA FOR THE COUNTY OF SANTA CLARA:

21       PLEASE TAKE NOTICE that on August 9, 2007, defendant KnowledgeStorm, Inc.

22  ("Defendant") filed a Notice of Removal in the Office of the Clerk of the United States District

23  Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1441

24  and 1446.

25       A true and correct copy of Defendant's Notice of Removal, together with the exhibits

26  attached thereto, are attached hereto as Exhibit "A."

27  ///

28

LA:59111.1

CASE NO. 107CV089782

1  Dated: August ___, 2007                    FORD & HARRISON LLP

2

3                                             By: _St — M. Kroll_____

4                                                 Steven Kroll
                                                  Attorneys for Defendant
5                                                 KNOWLEDGESTORM, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59111.1
CASE No. 107CV089782
                                    - 2 -

NOTICE TO STATE COURT OF REMOVAL TO DISTRICT COURT
                                    DOCUMENT PRINTED ON RECYCLED PAPER

29

1         **PROOF OF SERVICE BY MAIL**

2    I am a citizen of the United States and employed in Los Angeles County, California. I am

3 over the age of eighteen years and not a party to the within-entitled action. My business address

4 is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. I am readily familiar

5 with this firm's practice for collection and processing of correspondence for mailing with the

6 United States Postal Service. On August 9, 2007, I placed with this firm at the above address for

7 deposit with the United States Postal Service a true and correct copy of the within document(s):

8      **NOTICE OF REMOVAL OF ACTION BY DEFENDANT**

         **KNOWLEDGESTORM, INC. PURSUANT TO**

9       **PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

10 in a sealed envelope, postage fully paid, addressed as follows:

11

12   Brian S. Kreger, Esq.

    Lamberto & Kreger       Counsel for Plaintiffs

    160 W. Santa Clara St., Suite 1050

13   San Jose, CA 95113

    Tel: 408-999-0300

14   Fax: 408-999-0301

15    Following ordinary business practices, the envelope was sealed and placed for collection

16 and mailing on this date, and would, in the ordinary course of business, be deposited with the

17 United States Postal Service on this date.

18    I declare under penalty of perjury under the laws of the United States of America and the

19 State of California that the above is true and correct.

20    Executed on August 9, 2007, at Los Angeles, California.

21

22           _____

23              Martha E. Angel

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:59058.1

30

NOTICE OF REMOVAL