1  Steven M. Kroll, Bar No. 216196
   FORD & HARRISON LLP
2  350 South Grand Avenue, Suite 2300
   Los Angeles, California 90071
3  Telephone:  (213) 237-2400
   Facsimile:  (213) 237-2401
4  skroll@fordharrison.com

5  Jeffrey D. Mokotoff, GA Bar No. 515472
   FORD & HARRISON LLP
6  *Admitted Pro Hac Vice*
   1275 Peachtree Street, NE, Suite 600
7  Atlanta, Georgia 30309
   Telephone:  (404) 888-3800
8  Facsimile:  (404) 888-3863
   jmokotoff@fordharrison.com
9
   Attorneys for Defendant
10 KNOWLEDGESTORM, INC.

11           UNITED STATES DISTRICT COURT

12  NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

13

14  JASBIR GILL, MAHMOUD            Case No. C 07-04112 PVT
    KEDKAD,
15                                  **JOINT CASE MANAGEMENT
              Plaintiffs,           STATEMENT**
16
       v.
17                                  **Date:    November 13, 2007**
    KNOWLEDGESTORM, INC., a         **Time:    2:00 p.m.**
18  corporation, DOES 1through 50,  **Ctrm:    5, 4th floor**

19            Defendants.

20

21

22  TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

23  DISTRICT OF CALIFORNIA, SAN JOSE DIVISION:

24        Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local

25  Rule 16-9, and this Court's August 9, 2007 Order setting the Initial Case

26  Management Conference and ADR Deadlines, plaintiffs Jasbir Gill and Mahmoud

27  Kedkad ("Plaintiffs") and defendant KnowledgeStorm, Inc. ("Defendant")

28  (collectively the "Parties") submit the following Joint Case Management Statement:

1. <u>Jurisdiction and Service</u>:

The basis for the court's subject matter jurisdiction is under the provisions of 28 U.S.C. § 1332 because this is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The parties are unaware of any issues regarding personal jurisdiction or venue. No other parties remain to be served.

2. <u>Facts and Allegations</u>:

A. <u>Plaintiff Jasbir Gill</u>

Plaintiff Jasbir Gill ("Plaintiff Gill") is an East Indian female. Plaintiff Gill is a former employee of defendant KnowledgeStorm, Inc. ("Defendant"). She worked for Defendant from on or about October 12, 2006 until on or about April 13, 2007. Plaintiff Gill held the position of sales executive for the Western region. Plaintiff Gill reported directly to Joseph Brown, the Western region sales manager. Her employment with Defendant was at will.

During her employment, Plaintiff Gill claims that Mr. Brown harassed her because of her race. She also claims that she reported this harassment to management and that nothing was done. Defendant denies Plaintiff Gill's allegations of harassment and denies that Plaintiff Gill ever reported these allegations to anyone in management.

Plaintiff claims Defendant terminated her employment for complaining about racial harassment and refusing to commit "fraudulent acts including falsifying start dates and inflating proposals in an effort to defraud potential buyers" of the company. Defendant denies Plaintiff Gill's allegations of retaliation and wrongful termination. Defendant claims that it terminated Plaintiff Gill's employment for legitimate, nondiscriminatory reasons.

B. <u>Plaintiff Mahmoud Kedkad</u>

Plaintiff Mahmoud Kedkad ("Plaintiff Kedkad") is a Middle Eastern male. Plaintiff Kedkad is a current employee of Defendant. He began working for

1   Defendant on or December 6, 2006.  Plaintiff Kedkad holds the position of sales

2   executive for the Western region.  Plaintiff Gill reported directly to Mr. Brown, but

3   he now reports directly to Jim Canfield.  His employment with Defendant is at will.

4        Plaintiff Kedkad claims that Mr. Brown has harassed him because of his race.

5   Plaintiff Kedkad alleges that he has reported this harassment to management and

6   that nothing has been done.  Defendant denies Plaintiff Kedkad's allegations of

7   harassment and retaliation, and denies that nothing has been done.  Defendant

8   claims that rather Plaintiff Kedkad has been the subject of harassment complaints

9   by other employees.

10  3.    Legal Issues:

11       The California Fair Employment and Housing Act (FEHA) generally

12  prohibits an employer from harassing an employee because of his or her race.

13  (Gov. Code, § 12940, subd. (j).)  Plaintiffs contend that they were harassed because

14  of their respective races under the FEHA.  Defendant denies Plaintiffs' contentions.

15       The FEHA also generally prohibits an employer from discharging, expelling,

16  or otherwise discriminating against employees because they oppose practices in

17  violation of the FEHA, file a complaint, or testify or assist in a proceeding

18  regarding a claim of discrimination.  (Gov. Code, § 12940, subd. (h).)  Plaintiffs

19  contend that they were retaliated against because of their alleged complaints of

20  harassment under the FEHA.  Defendant denies Plaintiffs' contentions.

21       An employer cannot discharge an employee in violation of a public policy.

22  (*Tameny v. Atlantic Richfield* (1980) 27 Cal.3d 167, 172.)  Plaintiff Gill contends

23  that she was terminated in violation of public policy for refusing to commit

24  "fraudulent acts including falsifying start dates and inflating proposals in an effort

25  to defraud potential buyers" of the company.  Defendant denies Plaintiff Gill's

26  contention.

27

28

1    4.    <u>Motions</u>:

2         There are no prior or pending motions.  Defendant anticipates filing several

3  motions, including, but not limited to, motion to compel, motion for summary

4  judgment or partial summary judgment, motion for severance, and motion for

5  bifurcation of liability and damages.

6  5.    <u>Amendment of Pleadings</u>:

7         The parties do not intend to amend their claims or defenses at this time.  The

8  parties propose the following deadline for amending the pleadings:  February 1,

9  2008.

10  6.    <u>Evidence Preservation</u>:

11         The parties have taken steps to preserve evidence relevant to the issues

12  reasonably evident in this action.

13  7.    <u>Disclosures</u>:

14         On September 28, 2007, the parties timely exchanged their initial disclosures

15  pursuant to Rule 26(a)(1).

16  8.    <u>Discovery</u>:

17         On October 9, Defendant personally served Plaintiffs with Interrogatories

18  and Request for Production of Documents.  Plaintiffs' responses are presently due

19  on November 8, 2007.  Plaintiffs have not served Defendant with any written

20  discovery.

21         The parties have not taken any depositions.  However, they anticipate

22  commencing the depositions of Plaintiffs by December 2007, and commencing the

23  deposition of Defendant by January 2008.  The parties anticipate commencing third

24  party depositions by February 2008.

25  9.    <u>Class Actions</u>:

26         Not applicable.

27

28

1    10.    Related Cases:

2        The parties are unaware of any related cases.  However, Defendant intends to

3    file a motion for severance under FRCP 21 to create two separate actions: *Gill v.*

4    *KnowledgeStorm, Inc.* and *Kedkad v. KnowledgeStorm, Inc.*

5    11.    Relief:

6        Plaintiff Jasbir Gill:  Economic loss of approximately $15,000 to date plus

7    $250 per month ongoing wage los, general damages for emotional distress, punitive

8    damages, and attorneys' fees according to proof at trial.  Defendant denies that

9    Plaintiff Gill has sustained any such damages.

10        Plaintiff Mahmoud Kedkad:  General damages for emotional distress,

11    punitive damages, and attorneys' fees according to proof at trial.  Defendant denies

12    that Plaintiff Kedkad has sustained any such damages.

13    12.    Settlement and ADR:

14        The parties are agreeable to mediation within 90 days.

15    13.    Consent to Magistrate Judge For All Purposes:

16        The parties consent to have the Honorable Patricia V. Trumbull, United

17    States Magistrate Judge, conduct all further proceedings including trial and entry of

18    judgment.

19    14.    Other References:

20        No.

21    15.    Narrowing of Issues:

22        The parties cannot agree to narrow any issues at this time.  However,

23    Defendant intends to file a motion for severance under FRCP 21 to create two

24    separate actions: *Gill v. KnowledgeStorm, Inc.* and *Kedkad v. KnowledgeStorm, Inc.*

25    Defendant also intends to file a motion for bifurcation of liability and damages.

26    16.    Expedited Schedule:

27        No.

28

17. <u>Scheduling</u>:

Designation of Experts:    Friday, April 4, 2008

Discovery Cutoff:    Friday, May 2, 2008

Dispositive Motions:    Tuesday, June 3, 2008, at 10:00 a.m.

Pretrial Conference:    Tuesday, July 8, 2008, at 2:00 p.m.

Trial:    Monday, August 4, 2008, at 9:30 a.m.

18. <u>Trial</u>:

The parties anticipate a jury trial with an expected length of 8 to 9 days. If the action is bifurcated, the parties anticipate jury trials with an expected length 5 to 6 days for Plaintiff Gill and 5 to 6 days for Plaintiff Kedkad.

19. <u>Disclosures of Non-party Interested Entities or Persons</u>:

Defendant filed its "Certification of Interested Entities or Persons" with the court. Defendant listed Jasbir Gill, Mahmoud Kedkad, and KnowledgeStorm, Inc. with direct, pecuniary interests in the outcome of this case.

20. <u>Other Matters</u>:

The parties are unaware of any such matters at this time.

Dated: November 5, 2007          LAMBERTO & KREGER

By: _____
Brian S. Kreger
Attorneys for Plaintiffs
JASBIR GILL AND
MAHMOUD KEDKAD

Dated: November ___, 2007          FORD & HARRISON LLP

By: _____
Jeffrey D. Mokotoff
Steven M. Kroll
Attorneys for Defendant
KNOWLEDGESTORM, INC.

17. Scheduling:

      Designation of Experts:   Friday, April 4, 2008

      Discovery Cutoff:       Friday, May 2, 2008

      Dispositive Motions:     Tuesday, June 3, 2008, at 10:00 a.m.

      Pretrial Conference:     Tuesday, July 8, 2008, at 2:00 p.m.

      Trial:                  Monday, August 4, 2008, at 9:30 a.m.

18. Trial:

      The parties anticipate a jury trial with an expected length of 8 to 9 days. If the action is bifurcated, the parties anticipate jury trials with an expected length 5 to 6 days for Plaintiff Gill and 5 to 6 days for Plaintiff Kedkad.

19. Disclosures of Non-party Interested Entities or Persons:

      Defendant filed its "Certification of Interested Entities or Persons" with the court. Defendant listed Jasbir Gill, Mahmoud Kedkad, and KnowledgeStorm, Inc. with direct, pecuniary interests in the outcome of this case.

20. Other Matters:

      The parties are unaware of any such matters at this time.

Dated: November \_\_, 2007         LAMBERTO & KREGER


By: _____
      Brian S. Kreger
      Attorneys for Plaintiffs
      JASBIR GILL AND
      MAHMOUD KEDKAD


Dated: November 5, 2007          FORD & HARRISON LLP


By: _____
      Jeffrey D. Mokotoff
      Steven M. Kroll
      Attorneys for Defendant
      KNOWLEDGESTORM, INC.

**PROOF OF SERVICE**

I, Mary Garner, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On November 6, 2007, I served a copy of the within document(s):

JOINT CASE MANAGEMENT STATEMENT

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Brian S. Kreger, Esq.      Attorneys for Plaintiffs
Lamberto & Kreger      Tel: 408-999-0300
160 W. Santa Clara St., Suite 1050      Fax: 408-999-0301
San Jose, CA 95113

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 6th day of November, 2007, at Los Angeles, California.

_Mary Garner_
Mary Garner