Steven M. Kroll, Bar No. 216196
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401
skroll@fordharrison.com

Jeffrey D. Mokotoff, GA Bar No. 515472
FORD & HARRISON LLP
*Admitted Pro Hac Vice*
1275 Peachtree Street, NE, Suite 600
Atlanta, Georgia 30309
Telephone: (404) 888-3800
Facsimile: (404) 888-3863
jmokotoff@fordharrison.com

Attorneys for Defendant
KNOWLEDGESTORM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JASBIR GILL, MAHMOUD KEDKAD,<br><br>  Plaintiffs,<br><br>v.<br><br>KNOWLEDGESTORM, INC., a corporation, DOES 1 through 50,<br><br>  Defendants. | Case No. C 07-04112 PVT<br><br>**DEFENDANT KNOWLEDGESTORM, INC.'S NOTICE OF MOTION AND MOTION FOR SEVERANCE OF PLAINTIFFS JASBIR GILL AND MAHMOUD KEDKAD**<br><br>Date:  June 3, 2008<br>Time:  10:00 a.m.<br>Crtrm:  5, 4th floor<br><br>Action filed: July 13, 2007<br>Trial date: August 4, 2008 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5, 4th floor of the United States District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, defendant KnowledgeStorm, Inc. ("Defendant") will and does hereby apply to this Court for an order granting

severance in its favor and against plaintiffs Jasbir Gill and Mahmoud Kedkad (collectively, "Plaintiffs"). This motion is made on the grounds that Plaintiffs' action against Defendant should be severed to avoid undue prejudice towards Defendant.

This motion is made following the conference of counsel, which took place at the Case Management Conference on or about November 14, 2007.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, all papers and pleadings filed by the parties herein, all papers lodged with the court, and upon any other oral or documentary evidence that may be timely presented prior to the hearing of this motion.

Dated: April 29, 2008                    FORD & HARRISON LLP


By: /s/ Steven M. Kroll
    Jeffrey D. Mokotoff
    Steven M. Kroll
    Attorneys for Defendant
    KNOWLEDGESTORM, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This litigation should be severed. Plaintiffs' claims, legal theories, and potential remedies are distinct and self-centered. As set forth below, the interests of fairness and justice dictate that this Court sever Plaintiffs' claims, and require each Plaintiff to proceed independently in order to ensure Defendant is not unfairly prejudiced at the time of trial.

## II. STATEMENT OF FACTS

### A. Plaintiff Gill

On or about October 13, 2006, Defendant hired Plaintiff Gill, an East Indian female, for a sales executive position. On or about November 8, 2006, Plaintiff Gill began working for Defendant.

During her employment, Plaintiff Gill claims that Joseph Brown harassed her because of her race. Specifically, Plaintiff Gill alleges that Mr. Brown stated "Is that what they teach in India, you need to learn the right way which is the white man's way," and "Non-whites have a very difficult time in sales and they should just pack up their bags and leave." Complaint ¶ 8.

Plaintiff Gill further alleges that Mr. Brown stated "I hate Muslims. I think all Muslims are terrorists," and "Indians [at Google] are all just developers sitting doing menial jobs and developing codes."[1] Complaint ¶ 16. Defendant denies Plaintiff Gill's allegations of harassment.

Plaintiff Gill also claims that she reported these alleged instances of harassment to Jason Hoback, the director of sales, on multiple occasions and that nothing was done. Defendant denies that Plaintiff Gill ever reported these

---

[1] The complaint alleges Plaintiff Gill heard Mr. Brown make several derogatory remarks to and about Plaintiff Kedkad, such as referring to him as a "camel jockey" and "sand nigger"; however, discovery has revealed that she never overheard Mr. Brown make such remarks during her employment.

allegations to Mr. Hoback or anyone else in management.

Plaintiff Gill further claims that Defendant demanded her to commit "fraudulent acts including falsifying start dates and inflating proposals in an effort to defraud potential buyers" of the company. Defendant denies demanding Plaintiff Gill or any employee to commit any unlawful or fraudulent acts.

On April 11, 2007, Plaintiff Gill printed three copies of her resume with a company-owned computer and printer during work hours. Plaintiff Gill mistakenly printed the resumes to the Atlanta office, where Mr. Hoback discovered them the next day. Plaintiff Gill was apparently searching for other employment using company-owned equipment and materials during work hours. Defendant subsequently terminated Plaintiff Gill's employment for violating company policy and a lack of trust, effective April 13, 2007.

**B.   Plaintiff Kedkad**

On or about October 30, 2006, Defendant hired Plaintiff Kedkad, a Middle Eastern male, for a sales executive position. On or about December 6, 2006, Plaintiff Kedkad began working for Defendant.

Plaintiff Kedkad claims that Mr. Brown harassed him because of his race. In December 2006, Plaintiff Kedkad allegedly overheard Mr. Brown say to Joseph Niederberger, a former coworker, "What do you think of that camel jockey. Why don't you take the swat out on him so he'll start making some calls." Complaint ¶ 6. In mid-January 2007, while Plaintiff Kedkad was wearing pants and a sweater, Mr. Brown allegedly asked Plaintiff Kedkad, "Why are you dressed like this, this is not the Middle East." Complaint ¶ 7. In late March 2007, Mr. Brown allegedly told Plaintiff Kedkad, "You should go back to school so you can learn to read, write and talk normal, like us."

In early December 2007, Plaintiff Kedkad was laid off by TechTarget, a company that merged with Defendant, as a part of a company-wide reduction in force. Plaintiff Kedkad does not contest his layoff because he has settled and

released any and all such claims.

### III. ARGUMENT

It is well settled that joinder is only appropriate if: (1) the plaintiffs assert a right to relief arising out of the same transaction and occurrence; and (2) some question of law or fact common to all the plaintiffs will arise in the action. Fed. R. Civ. P. 20(a); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000). However, even if these requirements are met, the court must examine whether permissive joinder would "comport with the principles of fundamental fairness" or would result in prejudice to either side. Coleman v. Quaker Oats Co., 232 F.3d at 1296. In such cases, "[o]n motion or on its own, the court may . . . sever any claim against any party." Fed. R. Civ. P. 21.

Here, the factors, along with the potential for prejudice if the Plaintiffs' claims remain joined, weigh in favor of severance. Indeed, it will be highly prejudicial for Plaintiffs to "bootstrap" each others' testimony to fabricate a "hostile work environment" where none exists during a single trial. This reality is highlighted by the fact that each Plaintiff alleges a number of statements made by Defendant that relates to the other Plaintiff's claim, but not to their own (i.e., one Plaintiff using rumors and speculation to support the other Plaintiff's claim and visa versa). This, in turn, creates a heightened danger for a jury to misunderstand the true facts applicable to each Plaintiff's claim. See Coleman v. Quaker Oats Co., 232 F.3d at 1296 [granting severance to a multi-plaintiff discrimination claim because of potential prejudice to the employer and risk of jury confusion from multiple plaintiffs testifying at trial].

Moreover, a jury will likely intertwine and confuse the claims and remedies sought by each Plaintiff. For example, Plaintiff Kedkad does not seek lost wages, but Plaintiff Gill asserts a claim for lost wages. Likewise, Plaintiff Gill asserts claims for harassment, retaliation and wrongful termination in violation of public policy, while Plaintiff Kedkad only asserts a claim for harassment. For each

1  Plaintiff, the jury will have to individually examine his/her employment history, job
2  performance and reasons for termination. By lumping the claims together, there is
3  a substantial risk the jury will feel "sorry" for one or both of the Plaintiffs and be
4  guided by emotion rather than the law during a single trial. Accordingly, Defendant
5  respectfully requests that this Court sever Plaintiff's claims.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its motion for severance.

Dated: April 29, 2008                    FORD & HARRISON LLP


By: /s/ Steven M. Kroll
Jeffrey D. Mokotoff
Steven M. Kroll
Attorneys for Defendant
KNOWLEDGESTORM, INC.

# PROOF OF SERVICE

I, Yolanda H. Dennison, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On April 29, 2008, I served a copy of the within document(s):

**DEFENDANT KNOWLEDGESTORM, INC.'S NOTICE OF MOTION AND MOTION FOR SEVERANCE OF PLAINTIFFS JASBIR GILL AND MAHMOUD KEDKAD**

[x] E-Mail/Electronic Transmission) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful pursuant to the CM/ECF system of the United States District Court for the Northern District of California.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**VIA E-MAIL**
Brian S. Kreger, Esq.
Lamberto & Kreger
160 W. Santa Clara St., Suite 1050
San Jose, CA 95113

Attorneys for Plaintiffs
Tel: 408-999-0300
Fax: 408-999-0301
briank@lambertokreger.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 29th day of April, 2008, at Los Angeles, California.

_____
Yolanda H. Dennison

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:64435.1

DEFENDANT'S MOTION FOR SEVERANCE