1  Steven M. Kroll, Bar No. 216196
   FORD & HARRISON LLP
2  350 South Grand Avenue, Suite 2300
   Los Angeles, California 90071
3  Telephone:  (213) 237-2400
   Facsimile:   (213) 237-2401
4  skroll@fordharrison.com

5  Jeffrey D. Mokotoff, GA Bar No. 515472
   FORD & HARRISON LLP
6  *Admitted Pro Hac Vice*
   1275 Peachtree Street, NE, Suite 600
7  Atlanta, Georgia 30309
   Telephone:  (404) 888-3800
8  Facsimile:   (404) 888-3863
   jmokotoff@fordharrison.com
9
   Attorneys for Defendant
10 KNOWLEDGESTORM, INC.

11                UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

13

| | |
|---|---|
| JASBIR GILL, MAHMOUD KEDKAD,<br><br>    Plaintiffs,<br><br>v.<br><br>KNOWLEDGESTORM, INC., a corporation, DOES 1 through 50,<br><br>    Defendants. | Case No. C 07-04112 PVT<br><br>**DEFENDANT KNOWLEDGESTORM, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS AGAINST PLAINTIFF KEDKAD**<br><br>Date:   June 17, 2008<br>Time   10:00 a.m.<br>Crtrm:  5, 4th floor<br><br>Action filed: July 13, 2007<br>Trial date: August 4, 2008 |

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

Atlanta:450373.
1

DEFENDANT'S MOTION TO COMPEL AGAINST
PLAINTFF MAHMOUD KEDKAD

TO PLAINTIFF MAHMOUD KEDKAD AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 17, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5, 4th floor of the United States District Court, Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, defendant KnowledgeStorm, Inc. ("Defendant") will and does hereby apply to this court for an order compelling plaintiff Mahmoud Kedkad ("Plaintiff") to provide further responses and to provide responsive documents to certain discovery requests. This motion is made on the grounds that the discovery at issue is directly relevant to demonstrate that Plaintiff is not worthy of belief.

Pursuant to Local Rule 37-1, counsel for the parties have previously conferred for the purpose of attempting to resolve these disputed discovery issues. However, the parties were unable to informally resolve these issues.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities, the declaration of Jeffrey D. Mokotoff, the evidence submitted in support of the this motion, all papers and pleadings filed by the parties herein, and upon any other oral or documentary evidence that may be timely presented prior to or at the hearing of this motion.

Dated: May 12, 2008                    FORD & HARRISON LLP


By: /s/ Jeffrey D. Mokotoff
    Jeffrey D. Mokotoff
    Steven M. Kroll
    Attorneys for Defendant
    KNOWLEDGESTORM, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Pursuant to Local Rules 26-2 and 37-1, defendant KnowledgeStorm, Inc. ("KnowledgeStorm") timely files this motion to compel plaintiff Mahmoud Kedkad ("Kedkad") to respond to certain discovery responses. KnowledgeStorm seeks the discovery –admissions and documents relating to Kedkad's purported employment history – to demonstrate that Kedkad is not worthy of belief.

II.  **STATEMENT OF FACTS**

    A.  **Plaintiff's Employment Information**

On January 15, 2008, KnowledgeStorm took Kedkad's deposition. At his deposition, when asked questions about prior employment information on his employment application, Kedkad acknowledged that the information contained on his application was not accurate. Kedkad testified that the inaccuracies were "nothing more than a mistake" and that the information was incorrect simply because he was rushed to complete his application. (Kedkad Depo., pp. 23-24 & Ex. 1). Kedkad also testified that he submitted his resume to a headhunter. (Kedkad Depo., p. 46). Kedkad further testified that he had never been discharged by an employer. (Kedkad Depo., p. 30).

During discovery, KnowledgeStorm subsequently received Kedkad's resume from the headhunter who placed Kedkad at KnowledgeStorm. (Mokotoff Dec., ¶5, Ex. 1.) That resume suggested that the information Kedkad placed on his application was not submitted by mistake as, in relevant parts, it matched the information contained on his resume. (Mokotoff Dec., ¶5, Ex. 1.)

    B.  **Defendant's Request for Admissions to Plaintiff**

On March 11, 2008, KnowledgeStorm served Kedkad with its Request for Admissions, Set One. On April 10, 2008, Kedkad responded to the requests. KnowledgeStorm's Request for Admissions Nos. 1 through 16, and Kedkad's responses thereto, are as follows:

1  **REQUEST FOR ADMISSION NO. 1**
2      Admit attached hereto as Exhibit "A" is a genuine copy of a resume of
3  PLAINTIFF.  (As used herein, 'PLAINTIFF' refers to plaintiff Mahmoud Kedkad.)
4  (As used herein, "DEFENDANT" refers to defendant KnowledgeStorm, Inc.)
5  **RESPONSE TO REQUEST FOR ADMISSION NO. 1**
6      This request is objected to on the grounds that it is not reasonably calculated
7  to lead to discoverable evidence, violates plaintiff's right to privacy and is
8  propounded for the improper purpose of harassment.
9  **REQUEST FOR ADMISSION NO. 2**
10     Admit PLAINTIFF prepared the RESUME.  (As used herein, "RESUME"
11 refers to the resume of PLAINTIF attached hereto as Exhibit "A.")
12 **RESPONSE TO REQUEST FOR ADMISSION NO. 2**
13     This request is objected to on the grounds that it is not reasonably calculated
14 to lead to discoverable evidence, violates plaintiff's right to privacy and is
15 propounded for the improper purpose of harassment.
16 **REQUEST FOR ADMISSION NO. 3**
17     Admit PLAINTIFF provided false information in the RESUME.
18 **RESPONSE TO REQUEST FOR ADMISSION NO. 3**
19     This request is objected to on the grounds that it is not reasonably calculated
20 to lead to discoverable evidence, violates plaintiff's right to privacy and is
21 propounded for the improper purpose of harassment.
22 **REQUEST FOR ADMISSION NO. 4**
23     Admit all information in the RESUME is true.
24 **RESPONSE TO REQUEST FOR ADMISSION NO. 4**
25     This request is objected to on the grounds that it is not reasonably calculated
26 to lead to discoverable evidence, violates plaintiff's right to privacy and is
27 propounded for the improper purpose of harassment.
28

1  **REQUEST FOR ADMISSION NO. 5**

2  Admit PLAINTIFF sent the RESUME to Naviga Business Services, LLC.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

4  This request is objected to on the grounds that it is not reasonably calculated

5  to lead to discoverable evidence, violates plaintiff's right to privacy and is

6  propounded for the improper purpose of harassment.

7  **REQUEST FOR ADMISSION NO. 6**

8  Admit PLAINTIFF did not work for SunGuard Systems from April 2003 to

9  July 2006.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

11  This request is objected to on the grounds that it is not reasonably calculated

12  to lead to discoverable evidence, violates plaintiff's right to privacy and is

13  propounded for the improper purpose of harassment.

14  **REQUEST FOR ADMISSION NO. 7**

15  Admit PLAINTIFF did not work for SunGuard Systems as its Director of

16  Business Development/National Sales Manager.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 7**

18  This request is objected to on the grounds that it is not reasonably calculated

19  to lead to discoverable evidence, violates plaintiff's right to privacy and is

20  propounded for the improper purpose of harassment.

21  **REQUEST FOR ADMISSION NO. 8**

22  Admit PLAINTIFF did not work for Xtiva Financial Systems from July 2001

23  to April 2003.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 8**

25  This request is objected to on the grounds that it is not reasonably calculated

26  to lead to discoverable evidence, violates plaintiff's right to privacy and is

27  propounded for the improper purpose of harassment.

28

Attorneys At Law
Los Angeles

Atlanta:450373.1                - 5 -                DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF KEDKAD

**REQUEST FOR ADMISSION NO. 9**

Admit PLAINTIFF did not work for Xtiva Financial Systems as its National Sales Manager.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

**REQUEST FOR ADMISSION NO. 10**

Admit PLAINTIFF did not work for Vicinity Corporation/Mapblast from December 1996 to July 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

**REQUEST FOR ADMISSION NO. 11**

Admit PLAINTIFF did not work for Vicinity Corporation/Mapblast as its Senior Sales Executive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

**REQUEST FOR ADMISSION NO. 12**

Admit PLAINTIFF did not work for Hewlitt Packard Company from March 1988 to September 1996.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

1 **REQUEST FOR ADMISSION NO. 13**

2 Admit PLAINTIFF did not work for Hewlitt Packard Company as its

3 National Account Manager.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 13**

5 This request is objected to on the grounds that it is not reasonably calculated

6 to lead to discoverable evidence, violates plaintiff's right to privacy and is

7 propounded for the improper purpose of harassment.

8 **REQUEST FOR ADMISSION NO. 14**

9 Admit PLAINTIFF was terminated from his employment with Hewlitt

10 Packard Company for misconduct.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

12 This request is objected to on the grounds that it is not reasonably calculated

13 to lead to discoverable evidence, violates plaintiff's right to privacy and is

14 propounded for the improper purpose of harassment.

15 **REQUEST FOR ADMISSION NO. 15**

16 Admit PLAINTIFF did not work for International Purchasing Consultants

17 from July 1981 to February 1988.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

19 This request is objected to on the grounds that it is not reasonably calculated

20 to lead to discoverable evidence, violates plaintiff's right to privacy and is

21 propounded for the improper purpose of harassment.

22 **REQUEST FOR ADMISSION NO. 16**

23 Admit PLAINTIFF did not work for International Purchasing Consultants as

24 its Worldwide Sales Manager.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

26 This request is objected to on the grounds that it is not reasonably calculated

27 to lead to discoverable evidence, violates plaintiff's right to privacy and is

28 propounded for the improper purpose of harassment.

### C. Defendant's Request for Production of Documents to Plaintiff

On March 12, 2008, KnowledgeStorm served Kedkad with its Request for Production of Documents, Set Two. On April 10, 2008, Kedkad responded to the requests. KnowledgeStorm's Requests Nos. 26 through 28 and Kedkad's responses thereto, are as follows:

**REQUEST FOR PRODUCTION NO. 26**

Produce any and all resumes of PLAINTIFF, including, but not limited to, HIS current resume, former resumes, and drafts of HIS current and former resumes. (as used herein, "PLAINTIFF," "HE, "HIS," and "HIM" refer to plaintiff Mahmoud Kedkad.)

**RESPONSE TO REQUEST NO. 26**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

**REQUEST FOR PRODUCTION NO. 27**

Produce any and all curriculum vitae (CV) of PLAINTIFF, including but not limited to, HIS current curriculum vitae (CV), former curriculum vitae (CV), and drafts of HIS current and former curriculum vitae (CV).

**RESPONSE TO REQUEST NO. 27**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is propounded for the improper purpose of harassment.

**REQUEST FOR PRODUCTION NO. 28**

Produce any and all documents that summarize PLAINTIFF's employment or work history from 1981 to the present.

**RESPONSE TO REQUEST NO. 28**

This request is objected to on the grounds that it is not reasonably calculated to lead to discoverable evidence, violates plaintiff's right to privacy and is

propounded for the improper purpose of harassment.

### D.     The Parties' Meet and Confer Process

On April 17, 2008, via e-mail and fax, KnowledgeStorm's counsel (Jeffrey Mokotoff) sent Kedkad's counsel (Brian Kreger), a letter outlining the bases for which KnowledgeStorm believed Kedkad's discovery responses were deficient. (Mokotoff Dec., ¶6, Ex. 2.)  In the letter, Mr. Mokotoff explained, inter alia, that the information KnowledgeStorm sought was "discoverable because it is probative of Mr. Kedkad's truthfulness." (Mokotoff Dec., ¶6, Ex. 2.).

On April 21, 2008, Mr. Mokotoff received a response in the mail from Mr. Kreger.  In his letter, Mr. Kreger stated that he was "not sure why [Mr. Mokotoff] [was] claiming that the information was relevant." (Mokotoff Dec., ¶7, Ex. 3.)

On April 22, 2008, in further compliance with L.R. 1-5(n), the parties' counsel had a "meet and confer" telephone conference.  During the conference, Mr. Kreger stated that, because Mr. Kedkad was no longer seeking a retaliation claim or economic damages, the "after acquired evidence" defense was no longer applicable and, accordingly, whether Kedkad provided false information on his application and resume was irrelevant. (Mokotoff Dec., ¶8.)  Mr. Mokotoff explained that KnowledgeStorm sought the discovery responses to show that Kedkad was not worthy of belief and would provide Mr. Kreger with further legal support, so that he could have the responses before the close of discovery. ((Mokotoff Dec., ¶8.)

Later in the day on April 22, 2008, Mr. Mokotoff e-mailed and faxed Mr. Kreger a letter further supporting KnowledgeStorm's rationale for the requested discovery responses. (Mokotoff Dec., Ex. 4).

Discovery in the lawsuit closed on May 2, 2008.  To date, Kedkad has failed or refused to provide the requested discovery responses.  KnowledgeStorm has attached as Exhibit 5 to Mr. Mokotoff's declaration a chart summarizing the information it received from Kedkad compared to the information it has received from Kedkad's prior employers. (Mokotoff Dec., Ex. 5).  This information

1 summary further supports KnowledgeStorm's need to confirm from Kedkad –
2 through the contested Requests for Admissions and document requests – whether
3 his testimony is worthy of belief.

## III.   ARGUMENT

"[I]nformation showing that a person having knowledge of discoverable facts may not be worthy of belief *is always relevant to the subject matter of the action*." 8 Wright & Miller, Federal Practice and Procedure; Civil § 2015 (1970) (emphasis supplied); see also 4 Moore's Federal Practice, para. 26.56[1] (2d ed. 1983). Therefore, "discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition." 8 Wright & Miller, at § 2015. In the context of discovery for impeachment purposes, this means deciding whether disclosure may reveal information affecting the credence afforded to a witness' trial testimony. Davidson Pipe Company v. Laventhol and Horwath, 120 F.R.D. 455, 462 (S.D.N.Y. 1988).

The prior acts in question (i.e., Kedkad's statements on his application and resume) must demonstrate "a propensity for deception." Davidson Pipe Co., 120 F.R.D. at 462. False statements on an employment application or resume are probative of a lack of credibility (see, e.g., Lewis v. Baker, 526 F.2d 470, 475-76 (2d Cir. 1975)), particularly when, as here, they are made in the context of the very employment on which he premises his remaining claim of harassment. See also United States v. Int'l Business Machines Corp., 66 F.R.D. 215, 218 (S.D.N.Y. 1974) [stating "[o]ne of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses . . . . The credibility of a witness' testimony is of the utmost importance since to evaluate the state of proof one must determine which evidence and what testimony is believable"] (citations omitted); Schmidt v. Medicalodges, Inc., 523 F. Supp.2d 1256 (D. Ks. 2007) [employment information is discoverable because it is probative of plaintiff's propensity to tell the truth].

Here, KnowledgeStorm discovered information at Kedkad's deposition that led it to believe that Kedkad lied on his employment application and on the resume he submitted to KnowledgeStorm's headhunter. KnowledgeStorm then received information from Kedkad's prior employers that further called into doubt Kedkad's credibility. Accordingly, through its document requests (Nos. 26-28), KnowledgeStorm sought all of Kedkad's resumes and curriculum vitae that summarized Kedkad's employment history. Through its Requests for Admission, KnowledgeStorm requested that Kedkad admit certain information concerning his prior employment.

Kedkad objected to providing any of this information, on the grounds that the information was "not reasonably calculated to lead to discoverable evidence", "violates Plaintiff's right to privacy" and "was propounded for the improper purpose of harassment." As discussed above, particularly given Kedkad's sworn testimony, this information is "always relevant" to address Kedkad's credibility. Kedkad has identified no legitimate basis for refusing to provide the above-requested information.

## V. CONCLUSION

Based on the foregoing, KnowledgeStorm respectfully requests this court to grant its motion to compel further responses and responsive documents to the above discovery requests.

Dated: May 12, 2008                    FORD & HARRISON LLP


By: /s/ Jeffrey D. Mokotoff
    Jeffrey D. Mokotoff
    Steven M. Kroll
    Attorneys for Defendant
    KNOWLEDGESTORM, INC.

1   I, Yolanda H. Dennison, declare:

2   I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On May 12, 2008, I served a copy of the within document(s):

**DEFENDANT KNOWLEDGESTORM, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS AGAINST PLAINTIFF KEDKAD**

☒  (E-Mail/Electronic Transmission) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful pursuant to the CM/ECF system of the United States District Court for the Northern District of California.

☐  by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Overnite Express agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| **VIA E-MAIL**<br>Brian S. Kreger, Esq.<br>Lamberto & Kreger<br>160 W. Santa Clara St., Suite 1050<br>San Jose, CA 95113 | Attorneys for Plaintiffs<br>Tel: 408-999-0300<br>Fax: 408-999-0301<br>briank@lambertokreger.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 12th day of May, 2008, at Los Angeles, California.

_____
Yolanda H. Dennison