1  Steven M. Kroll, Bar No. 216196
   FORD & HARRISON LLP
2  350 South Grand Avenue, Suite 2300
   Los Angeles, CA 90071
3  Telephone: (213) 237-2400
   Facsimile: (213) 237-2401
4
5  Jeffrey D. Mokotoff, GA Bar No. 515472
   FORD & HARRISON LLP
   *Admitted Pro Hac Vice*
6  1275 Peachtree Street, NE, Suite 600
   Atlanta, Georgia 30309
7  Telephone: (404) 888-3800
   Facsimile: (404) 888-3863
8
   Attorneys for Defendant
9  KNOWLEDGESTROM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT – SAN JOSE DIVISION

| | |
|---|---|
| JASBIR GILL, MAHMOUD DEDKAD,<br><br>  Plaintiffs,<br><br>v.<br><br>KNOWLEDGESTROM, INC., a corporation, DOES 1 through 50,,<br><br>  Defendants. | Case No. C 07-04112 PVT<br><br>**DEFENDANT KNOWLEDGESTROM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JDUGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:  June 5, 2008<br>Time:  10:00 a.m.<br>Ctrm:  5, 4th Floor<br><br>Action Filed:  July 13, 2007<br>Trial Date:  August 4, 2008 |

///
///
///
///
///
///

CASE NO. C 07-04112 PVT
LA:66989.1

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT KNOWLEDGESTROM, INC.'S REPLY TO PLANTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In her opposition, plaintiff Jasbir Gill ("Gill") ignores the evidence most damaging to her three claims. Particularly, Gill fails to oppose defendant KnowledgeStorm, Inc.'s ("KnowledgeStrom") statement of uncontroverted material facts[1] thereby conceding the veracity of those facts that disprove her claims. Thus, Gill has not met her burden of establishing the existence of essential elements to each of her claims. As discussed below, summary judgment must be granted in favor of KnowledgeStorm.

## II. ARGUMENT

### A. Plaintiff's Racial Harassment Claim Must Fail

#### 1. The conduct complained of by Plaintiff was neither objectively nor subjectively offensive

Gill does <u>not</u> dispute the following material fact: As of early March 2007, **Gill admittedly did not classify** Brown's alleged remarks as racial discrimination. (Fact 44.) In other words, leaving aside the requirement that the remarks be *objectively* offensive, Gill did <u>not</u> *subjectively* believe that the alleged remarks before March 2007, when aggregated, were sufficiently offensive or severe to

---

[1] Gill did not file any response or opposition to KnowledgeStorm's separate statement of uncontroverted material facts.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 2 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

classify them as racial discrimination. <u>Beyda v. City of Los Angeles</u>, 65 Cal.App.4th 511, 518 (1998).

In reviewing Gill's allegations in the light most favorable to her, the only alleged remark after February 2007 that *Gill* reportedly heard is the "I hate Muslims" remark. (Plaintiff's Opposition, pp. 12-13.) However, this statement cannot support Gill's harassment claim. First, the statement, if believed, is <u>not</u> relevant to Gill's *racial* harassment claim. Second, Gill is <u>not</u> Muslim; rather, she is Sikh. (Fact 37.) Gill has presented no evidence whatsoever of Brown's "perception" of her (i.e., whether Brown believed Gill was Christian, Jewish, Muslim or any other religion). (Plaintiff's Opposition, p. 13). Accordingly, this allegation cannot support her claim of racial harassment.

The only other comment of which Gill indirectly became aware *after* February 2007 was the "I hate Indians" comment that Joe Brown allegedly made to *co-plaintiff Mahmoud Kedkad* ("Kedkad"), which Kedkad allegedly reported to Gill sometime in March 2007. (Plaintiff's Opposition, p. 12.) This alleged remark is the paradigmatic example of *inadmissible* hearsay that cannot be considered in evaluating the hostility of Gill's workplace environment. <u>Martinez v. Marin Sanitary Service</u>, 349 F. Supp.2d 1234, 1248 (N.D. Cal. 2004).

2. **<u>The conduct complained of by Plaintiff was was not sufficiently "severe or pervasive"</u>**

As discussed in KnowledgeStorm's moving papers, the alleged remarks,

even if believed, are insufficiently severe or pervasive to support an actionable claim of race harassment as a matter of law. See Manatt v.Bank of America, 339 F.3d 792, 795 (9th Cir. 2003) [Manatt, of Chinese origin, experienced numerous racial epithets and actions at the office, including the following: "I am not a China man, I'm not like China man with their eyes like that"; "China man"; "Rickshaw"; "China woman, China woman; China woman, get your butt over here"; and mocking Manatt by pulling eyes back. The court held, "[t]he actions of Manatt's coworkers generally fall into the 'simple teasing' and 'off-hand comments' category of nonactionable discrimination."]; Vasquez v. County of Los Angeles, 349 F.3d 634, 642, 643 (9th Cir. 2001) [two statements, that the plaintiff had "a typical Hispanic macho attitude" and that he should consider transferring to the field because "Hispanics do good in the field" insufficient as a matter of law to support a claim of national origin harassment, even when aggregated with alleged screaming outbursts at the plaintiff and other unfavorable treatment]; Kortan v. California Youth Auth., 217 F.3d 1104, 1113 (9th Cir. 2000) [as a matter of law, no hostile environment existed when a supervisor called female employees "castrating bitches," "Madonnas," or "Regina" on several occasions in plaintiff's presence; the supervisor called the plaintiff "Medea"; the plaintiff complained about other difficulties with that supervisor; and the plaintiff received letters at home from the supervisor]. *A fortiori*, as a matter of law the instant harassment claim – premised on remarks the majority of which *Gill herself* admits are insufficiently severe or

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 4 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

pervasive – must fail.

### B. Plaintiff's Retaliation Claim Must Fail

In her opposition, Gill spends one page addressing her retaliation claim. Gill argues that her retaliation claim must survive summary judgment solely because she allegedly reported Brown's alleged remarks to Jason Hoback "ten days" before KnowledgeStorm terminated her employment. (Plaintiff's Opposition, p. 16.) Gill's argument fails because she cannot establish a prima facie claim or the legitimate, nonretaliatory reason for terminating her employment was pretextual.

#### 1. Plaintiff did not have a reasonable, good faith belief that she was opposing unlawful harassment

As an initial matter, Gill *admits* that, as of early March 2007, she did <u>not</u> believe Brown's alleged remarks constituted actionable discrimination. (Fact 44.) Accordingly, as discussed above, that leaves two statements – one remark attributed to other than Gill's religion and one inadmissible hearsay remark – as the basis of her alleged report to Hoback. To this end, Gill did not have a *reasonable* belief that she was opposing unlawful employment harassment. Thus, Gill's alleged "opposition" activity is not protected as a matter of law. <u>Miller v. Dept. of Corrections</u>, 36 Cal.4th 446, 473-474 (2005). As a result, Gill cannot establish a prima facie claim of retaliation.

/ / /

/ / /

### 2. **Plaintiff admits the legitimate, nonretaliatory reason for her termination of employment**

Gill admits that on the evening of April 11, 2007, while at the South San Francisco office, she printed three copies of her resume. (Fact 61.) It is undisputed that the resumes printed in the Atlanta office instead of printing out in the South San Francisco office. (Fact 62.) It is also undisputed that, the next day, KnowledgeStorm called Gill to advise her that she was being terminated effective April 13th because she violated company policy. (Fact 63.) Based on these undisputed facts, KnowledgeStorm has presented a legitimate, nonretaliatory reason for the termination of Gill's employment. Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005).

### 3. **Plaintiff utterly failed to address her pretext burden on summary judgment**

In her opposition, Gill ignored her burden of showing that KnowledgeStorm's reason for her termination was pretext for retaliation. (Plaintiff's Opposition, p. 16.) Gill has proffered *no* evidence, let alone "specific and substantial" evidence, of pretext to overcome the legitimate reason set forth by KnowledgeStorm for her termination. King v. United Parcel Service, Inc., 152 Cal.App.4th 426, 433 (2007). Gill likely chose not to address her pretext burden because she admits KnowledgeStorm has never treated any other employee more favorably (i.e., it has never disciplined less severely an employee of which it was

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 6 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

aware that used company time and equipment to prepare or print out her resume). (Fact 65.) For all of these reasons, Gill's retaliation is without merit as a matter of law.

### C. Gill's Wrongful Termination Claim Must Fail

Gill treats her wrongful termination in violation of public policy action as a throwaway claim, devoting one-half page of her opposition to it. (Plaintiff's Opposition, p. 17). Gill's wrongful termination claim fails because Gill has not presented evidence that she opposed any action related to KnowledgeStorm's alleged "fraudulent activities." To the extent Gill argues that her wrongful termination claim is the same as her retaliation claim, it must equally fail for those reasons identified above and in KnowledgeStorm's moving papers. Accordingly, Gill cannot establish a prima facie claim or the legitimate, business reason for terminating her employment was pretextual.

#### 1. Plaintiff did not engage in activity protected under any specific statutory or constitutional provision by not "opposing" KnowledgeStorm's alleged fraudulent activities

For the *very first time*, Gill asserts that her "opposition" is "protected under California Business and Professions Code 17200." (Plaintiff's Opposition, p.17.) Gill never identified this statute in her pleadings, disclosures, or otherwise. It is also too late for Gill to no amend her pleadings. Accordingly, her claim must fail as a matter of law. Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1257 (1994).

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 7 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

This claim also fails because Gill admittedly never "opposed" any alleged fraud. Specifically, Gill admits that she neither engaged in any alleged fraudulent activity ***nor told anyone*** in management that she was opposing or refusing to engage in the activity. (Fact 67.) Because she did not oppose the activity, she has no claim for wrongful discharge. Yanowitz 36 Cal.4th at 1042.

### 2. **Plaintiff utterly failed to address her pretext burden on summary judgment**

Like her retaliation claim, Gill ignores her burden of proof. When a plaintiff alleges a claim for wrongful employment termination in violation of public policy, and the defendant seeks summary judgment, California follows the burden-shifting analysis of McDonnell Douglas Corp. v Green, 411 U.S. 792 (1973), to determine whether there are triable issues of fact for resolution by a jury. Caldwell v. Paramount Unified School Dist., 41 Cal.App.4th 189, 202-203 (1995). In the first stage, the "plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc. 36 Cal.4th 1028, 1042 (2005). If the employee successfully establishes these elements and thereby shows a prima facie case exists, the burden shifts to the employer to provide evidence that there was a legitimate, nonretaliatory reason for the adverse employment action. Morgan v. Regents of University of California, 88 Cal.App.4th 52, 68 (2000). If the employer produces

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 8 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

evidence showing a legitimate reason for the adverse employment action, "the presumption of retaliation 'drops out of the picture,'" <u>Yanowitz</u>, *supra* at p. 1042, and the burden shifts back to the employee to provide "substantial responsive evidence" that the employer's proffered reasons were untrue or pretextual. <u>Martin v. Lockheed Missiles & Space Co.</u> 29 Cal.App.4th 1718, 1735 (1994).

As discussed above, Gill has failed to establish a *prima facie* case, KnowledgeStorm provided a legitimate, nonretaliatory reason for Gill's termination (i.e., printing out her resume three times using company time and equipment), and Gill has not even opposed the reason KnowledgeStorm provided for Gill's termination, let alone show that its stated reason is pretextual. (Facts 62-65.) For this reason alone, the wrongful termination claim must fail.

### III. CONCLUSION

For the reasons stated above, as well as those set forth in its moving papers, KnowledgeStorm respectfully requests that this court find that no genuine issues of material fact exist in this action and that it is entitled to judgment as a matter of law on each of Gill's claims.

Dated: May 20, 2008                FORD & HARRISON LLP

                                   By: /s/ Steven M. Kroll
                                       Jeffrey D. Mokotoff
                                       Steven M. Kroll
                                       Attorneys for Defendant
                                       KNOWLEDGESTORM, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 9 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT

# PROOF OF SERVICE

I, Yolanda H. Dennison, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On May 20, 2008, I served a copy of the within document(s):

**DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**VIA FEDERAL EXPRESS**
Brian S. Kreger, Esq.
Lamberto & Kreger
160 W. Santa Clara St., Suite 1050
San Jose, CA 95113

Attorneys for Plaintiffs
Tel: 408-999-0300
Fax: 408-999-0301
briank@lambertokreger.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 20th day of May, 2008, at Los Angeles, California.

*/s/ Yolanda H. Dennison*
Yolanda H. Dennison

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. C 07-04112 PVT
LA:66989.1

- 10 -

DEFENDANT KNOWLEDGESTORM, INC.'S REPLY TO PLAINTIFF GILL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT