BRIAN S. KREGER, State Bar No. 106707
LAMBERTO & KREGER
160 W. Santa Clara St., Suite 1050
San Jose, CA 95113
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| JASBIR GILL, MAHMOUD KEDKAD,<br><br>Plaintiffs,<br><br>vs.<br><br>KNOWLEDGESTORM, INC. a corporation, DOES 1 THROUGH 50,<br><br>Defendants.<br>_____ / | **Case No. C 07-04112PVT**<br><br>**PLAINTIFF KEDKAD'S APPLICATION FOR ORDER TO ENLARGE TIME TO FILE THE OPPOSITION TO THE MOTION FOR SUMMARY JUDGEMENT AGAINST PLAINTIFF KEDKAD PURSUANT TO CIVIL L.R. 6-3 AND L.R. 7-11**<br><br>SUMMARY JUDGEMENT DATE: June 3, 2008<br><br>TIME: 10:00 a.m.<br>COURTROOM: 5 |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Kedkad hereby does apply for an order to permit plaintiff Kedkad to file an opposition to the Motion for Summary Judgement.

This motion is based upon the facts set forth in the declaration of Brian S. Kreger that good cause and the interests of justice exist to permit plaintiff to file the opposition on or before May 20, 2008. No previous requests to change

time have been made.

This case involves claims by two former employees of defendant, Jasbir Gill and Mahmoud Kedkad, who claim racial harassment. This matter is set for hearing on two Summary Judgments to be heard on June 3, 2008.  Trial is set for August 4, 2008. Opposition to the motions were due on May 12, 2008. For the reasons set forth below, plaintiff Kedkad requests an order of the Court to permit the filing and the Court's consideration of his opposition papers which were filed and served on May 20, 2008.

On or about May 1, 2008 plaintiff's counsel arrived back in his office after attending depositions in Atlanta, Georgia in this case.  Upon arriving in the office on May 1, 2008, plaintiff's counsel learned that defendant had served hard copies of a Motion for Summary Judgement with respect to plaintiff Gill only.

The service of the papers included two hard copies of each of the Gill motion papers, but did not include any motion with respect to plaintiff Kedkad. As plaintiff's counsel believed that the hard copy service of the papers by defendant contained all of their moving papers, he did not realize that a motion had been filed with respect to Kedkad also.  Plaintiff's opposition to the Gill motion (and the Kedkad motion) were due on May 12, 2008 and opposition to the Gill motion was timely filed on or about May 12, 2008. However, no opposition was filed to the Kedkad motion was filed on May 12th.

On May 19, 2008 plaintiff's counsel received a call from Ms. Jackson in Magistrate Trumbell's chambers asking if plaintiff Kedkad was intending to oppose the Motion for Summary Judgement in the Kedkad matter.  Plaintiff's counsel advised her that he was not aware of it and certainly would want oppose it.

Upon learning of the Kedkad motion on May 19, 2008, an opposition to the Kedkad motion was filed and served on May 20, 2008 and a request to

Plaintiff Kedkad's Application to Change Time         - 2 -

1  defense counsel for stipulation was made.  The evidence submitted in the
2  opposition to the Kedkad motion is identical to the evidence submitted in the
3  Gill matter.  The Memorandum of Points and Authorities is also essentially the
4  same as it deals with the same law with respect to a hostile work environment.
5  The only difference is that the Kedkad action does not involve a retaliation
6  claim.
7       On May 21, 2008 defense counsel indicated that they would not
8  stipulate to changing the time to file the opposition, thus necessitating this
9  application for an order.
10       The legal issues with respect to the matters raised in the Kedkad Motion
11  for Summary Judgement are the same as those raised in the Gill motion and the
12  legal authorities relied upon by plaintiff and defendant concerning the legal
13  standard for a hostile work environment are the same.  There is no prejudice to
14  defendant and it is not expected that it would necessitate any change in the
15  trial date or the hearing date, although, plaintiff is of course amenable to any
16  change in those dates if the Court or defendant believe it necessary.
17
18  Dated: May 22, 2008         LAMBERTO & KREGER
19
20                                      By: /s/ Brian S. Kreger
21                                           BRIAN S. KREGER
                                         Attorneys for Plaintiffs
22
23
24
25
26
27
28