BRIAN S. KREGER, State Bar No. 106707
LAMBERTO & KREGER
160 W. Santa Clara St., Suite 1050
San Jose, CA 95113
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| JASBIR GILL, MAHMOUD KEDKAD, | Case No. C 07-04112PVT |
|---|---|
| Plaintiffs, | |
| vs. | **DECLARATION OF BRIAN S. KREGER IN SUPPORT OF APPLICATION FOR ORDER TO ENLARGE TIME TO FILE THE OPPOSITION TO THE MOTION FOR SUMMARY JUDGEMENT AGAINST PLAINTIFF KEDKAD** |
| KNOWLEDGESTORM, INC. a corporation, DOES 1 THROUGH 50, | |
| Defendants. | |
| | DATE: June 3, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 5 |

I, Brian S. Kreger, declare:

1. I am an attorney at law licensed to practice in the State of California and the United States District Court, Northern District of California.

2. I am the attorney of record for plaintiffs herein.

3. I have person knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

Declaration of Brian S. Kreger in support of motion to change time

4. This case involves claims by two former employees of defendant, Jasbir Gill and Mahmoud Kedkad, who claim racial harassment.

5. This matter is set for two Summary Judgments to be heard on June 3, 2008. Trial is set for August 4, 2008.

6. There have been no previous requests for enlargement of time or continuances.

7. On or about May 1, 2008 I arrived back in my office after attending depositions in Atlanta, Georgia in this case.

8. Upon arriving in my office on May 1, 2008, I learned that defendant had served hard copies of a Motion for Summary Judgement with respect to plaintiff Gill only.

9. The service of the papers included two copies of each of the Gill motion papers, but did not include any motion papers with respect to plaintiff Kedkad. As I believed that the hard copy service of the papers by defendant contained all of their moving papers, I did not realize that a motion had also been filed with respect to Kedkad. Plaintiff's opposition to the Gill motion was timely filed on or about May 12, 2008. However, no opposition was filed to the Kedkad motion as I did not realize the motion had been filed.

10. On May 19, 2008 I received a call from Ms. Jackson in Magistrate Trumbell's chambers asking if I was intending to oppose the Motion for Summary Judgement in the Kedkad matter. I told her I was not aware of it and that I certainly would want oppose it.

11. I filed an opposition to the Kedkad motion on May 20, 2008. The evidence submitted is identical to the evidence submitted in the Gill matter. The Memorandum of Points and Authorities is also essentially the same as it deals with the same law with respect to a hostile work environment. The only difference is that the Kedkad action does not involve a retaliation claim.

12. On May 19, 2008 I left voice mail messages with the two attorneys for defendant in the Ford & Harrison law firm asking them to contact me.

13. On May 20, 2008, I spoke with attorney Steve Kroll and advised him of the situation regarding plaintiff's opposition to the Kedkad motion and asked if they would stipulate to the filing. He indicated that they would get back to me.

14. On May 20, 2008 I served and filed the opposition papers to the Kedkad motion and requested by email that defense counsel stipulate to the late filing.

15. On May 21, 2008 I called defense counsel Jeffery Mokotoff again and asked for a response to my request for a stipulation. Mr. Mokotoff advised me on May 21, 2008 that defendant would not stipulate.

16. Accordingly, I attempted, but was unable to obtain a stipulation to change the time to file the opposition and respectfully request that the Court grant it in the interests of justice.

17. The legal issues with respect to the matters raised in the Kedkad Motion for Summary Judgement are the same as those raised in the Gill motion and the legal authorities relied upon by plaintiff and defendant concerning the legal standard for a hostile work environment are the same. There is no prejudice to

1  defendant and I would not expect that it would necessitate any change in the
2  trial date or the hearing date, although, plaintiff is of course amenable to any
3  change in those dates if the Court or defendant believe it necessary.
4
5      I declare under penalty of perjury under the laws of the State of California
6  and the United States of America that the foregoing is true and correct.
7      Executed this 22st day of May, 2008 in San Jose, California.
8
9
10                              /s/ Brian S. Kreger
                                Brian S. Kreger, Attorney for plaintiff
11

Declaration of Brian S. Kreger in support of motion to change time    4